J. W. CLIFF, Appellant, v. SAMUEL N. PARSONS *et al.* Appellees.

Officers of General Assembly: SECRETARY OF SENATE: TERM OF OFFICE: POWER OF REMOVAL. The term of office of the secretary of the senate is not made by section 13 of the Code to continue during the session at which he was elected, but such officer holds his office only during the pleasure of the senate appointing him, and may be removed by that body at any time without notice or hearing.

*Appeal from Polk District Court.*—HON. W. F. CONRAD,
Judge.

WEDNESDAY, JANUARY 24, 1894.

ACTION to oust the defendant Parsons from the
office of secretary of the senate of the twenty-fourth gen-
eral assembly of Iowa, to adjudge the plaintiff entitled
thereto, and to reinstate him therein. Also to enjoin
the defendant Mitchell, speaker of the house of repre-
sentatives, from certifying that the defendant Parsons
has been elected or is secretary of said senate, and the
defendant J. A. Lyon, auditor of state, from issuing
warrants to said Parsons for any part of the compensa-
tion arising from said office. The defendant Parsons
having answered, the plaintiff filed a demurrer to the
second and fourth counts thereof, and, the demurrer
being overruled, the plaintiff elected to stand on said
demurrer, and appeals.—*Affirmed.*

*Henry S. Wilcox* for appellant.

*J. M. Parsons* for appellees.

GIVEN, J.—I.    The petition shows that the plain-
tiff was authorized, by an order of one of the judges of
the district court in and for Polk county, to bring this
action; the county attorney of said county refusing to
do so.    The relator states his cause of action as follows:
"That, on or about the ――― day of January, A.
D. 1892, the relator, J. W. Cliff, was, by the senate of
twenty-fourth general assembly of the state of Iowa,
duly elected to the office of secretary of said senate, as
a permanent officer thereof, to hold said office during
the regular session of said senate and twenty-fourth
general assembly.    That, on or about the ――― day
of January, A. D. 1892, the said relator duly qualified,
and entered upon the discharge of his duties, and has

ever since discharged faithfully the duties of said office, except when prevented by the defendant Parsons and those in conspiracy and collusion with him; and said relator has at all times been ready and willing, and is now ready and willing, to discharge the duties of said office during the term for which he was elected, and is entitled to receive as compensation the sum of seven dollars per day during said regular session, and whatever sum shall be appropriated by said general assembly for work in transcribing and indexing the journal of said senate. That, on or about the ——— day of January, A. D. 1892, the defendant Parsons entered into a conspiracy with L. R. Bolter, S. L. Bestow, ——— Yeomans, and others, for the purpose of illegally and forcibly despoiling said relator of his rights to said office and the emoluments pertaining thereto, and, on the ——— day of January, 1892, in pursuance of said conspiracy, the said parties did wrongfully, illegally, and by force, seize and cause to be seized, the person of the said relator, and, by force and arms, ejected him from his place at the desk of said senate, and have ever since by force kept and excluded him therefrom, and from the possession of the paraphernalia of said office, and have by force placed the said Parsons in possession of said desk and the paraphernalia of said office, and the said Parsons now claims to have been duly elected to said office, and to be entitled to the salary and emoluments thereof; but plaintiff says he is not entitled to said office or its emoluments, because the said relator's term had not expired, and there is no cause for removing him, and his forcible ejection was without authority of law, and, therefore, void. That the defendant Mitchell is the speaker of the house of representatives of the said twenty-fourth general assembly, and he is about to certify, jointly with the lieutenant governor of Iowa, that the said Parsons has been duly elected to the office

of secretary of said senate, and the defendant J. A. Lyons, auditor of said state, is about to issue warrants to said Parsons for the emoluments of said office, and both of said officers will so do unless restrained by order of this court, and by their so doing plaintiff will suffer great and irreparable injury. That the relator is not only entitled to said salary, but he is also a taxpayer of the said state, and will suffer great and irreparable injury, unless said Speaker Mitchell and Auditor Lyons be restrained from thus aiding and assisting the said Parsons in procuring the emoluments of said office."

The defendant Parsons filed his answer in four counts. In the first he denies every allegation not expressly admitted. The second count is as follows:

"Count 2. Defendant Parsons, further answering, states the facts herein to be as follows: That at the organization of the house of the twenty-fourth general assembly of Iowa his codefendant W. O. Mitchell was elected speaker of the house of representatives, and at said time one Poyneer was lieutenant governor of the state of Iowa; that the relator herein, J. W. Cliff, was a candidate for secretary of the senate of Iowa, and on the fourteenth day of January, 1892, subsequent to the permanent organization, the said Poyneer, on a vote of twenty-four senators, declared the said relator elected secretary of the senate; that at said time twenty-five of the senators voted on the call of the roll for secretary of the senate, there being absent or not voting twenty-five members of the senate; that subsequently, upon the canvass of the vote of the electors of the state of Iowa, the Hon. S. L. Bestow was declared elected lieutenant governor of Iowa, and was duly inaugurated, and entered upon the discharge of his duties as such on the twentieth day of January, 1892; that on the twenty-first day of January, 1892, at two o'clock P. M., the senate met, and

the Hon. S. L. Bestow presiding; that at said time the following proceedings were had in relation to the office of secretary of the senate, and the same were as shown by the journal of the senate, which is as follows, to wit: 'Senator Bolter offered the following resolution: "Resolved by the senate, that J. W. Cliff, now acting as chief secretary of this body, be, and is hereby, relieved from any further duty as such acting secretary, and that he is required and ordered to turn over and deliver to such person as the senate may elect to such office of chief clerk all bills, resolutions, books and records now in said Cliff's possession pertaining to said office of chief clerk of the senate." ' And the question being on the adoption of the resolution, twenty-four senators and president of the senate voted in the affirmative, and twenty-four senators voted in the negative, and so the resolution was adopted and declared carried by the lieutenant governor presiding as president of the senate; whereupon the following resolution was introduced by Senator Bolter; 'Resolved, that Samuel N. Parsons, of Linn county, be, and is hereby, elected to the office of permanent [and chief secretary of the Iowa senate during the twenty-fourth general assembly of this state.' The roll being called on the adoption of this resolution, there were twenty-four senators voted in the affirmative, and the roll of the senate being called showed thirty-eight senators present, so the resolution was adopted, and the same was declared adopted by the president of the senate, and Samuel N. Parsons was declared elected permanent secretary of the senate, and immediately appeared at the bar of the senate, and took the oath of office of secretary of the senate, and was duly installed in such office, and entered upon the discharge of his duties as such, and has ever since been, and at present is, engaged in the discharge of his duties as such officer."

In the third count he denies the alleged conspiracy,

and alleges that by reason of the passage of the resolution set out in the second count the relator became divested of all rights to said office, and to any emoluments thereof. The fourth count of the answer is as follows:

"Count 4. The defendant, further answering, says that this court has no jurisdiction to hear, try, and determine this cause, involving as it does the office of the secretary of the senate of Iowa; that by the constitution of Iowa the senate has the right to determine who are its officers, and it has determined that the defendant herein was and is secretary of the Iowa state senate of the twenty-fourth general assembly from and since the twenty-first day of January, 1892; that this suit is brought for the purpose of harassing the defendant, who has performed all the duties pertaining to the said office of secretary of the senate; and that in defending against the injunction issued in this case the defendant has been compelled to go to great expense in employing counsel and making preparations to dissolve the injunction, to wit, in the sum of one hundred dollars ($100)."

The relator filed a demurrer to the answer as follows: "The plaintiff demurs to the second count of the defendant Parsons' answer, because the facts therein stated do not constitute a defense to the plaintiff's claim, in this: *First.* The said count shows that relator was duly elected to the office of secretary of the senate as a part of its permanent organization, and fails to show that he was lawfully removed from said office, or that there was any vacancy which the senate had power to fill. *Second.* The plaintiff demurs to the fourth count of defendant Parsons' answer, because the facts therein stated do not constitute a defense to plaintiff's claim, in that it is a claim for damages, which has no foundation in law, and can not properly be made in this action."

II. Section 7 of article 3 of the constitution of
Iowa is as follows: "Each house shall choose its own
officers and judge of the qualifications, election and
return of its own members. A contested election shall
be determined in such manner as shall be directed by
law." Here we have undoubted authority in the sen-
ate to choose, in such way as it pleases, its own officers.
The law with respect to the removal of subordinate
officers is well stated in 19 Am. and Eng. Encyclopedia
of Law, p. 562f*, as follows: "In the absence of con-
stitutional provisions or statutory regulations, where
the tenure is not fixed by law, and where the office is
held at the pleasure of the appointing power, the power,
of removal is incident to the power of appointment;
and it is well settled in such case that an officer may
be removed without notice or hearing. This doctrine
applies, however, where the office is held at the pleas-
ure of the appointing power only. Where the tenure
of the office is fixed by law, or where the concurrence
or consent of a different body or officer is required to
the removal, or where the right to removal can be ex-
ercised only for specified cause or for cause generally,
the appointing power can not arbitrarily remove the
officer. And, where the removal is to be had for cause,
the power can not be exercised until the officer has been
duly notified, and opportunity given him to be heard
in his own defense." This statement of the law is well
supported in the cases cited in the footnotes, and is
not questioned in this case; therefore we deem it unnec-
essary to make further citations. If nothing further
appeared, it would hardly be questioned but that the
senate can choose and remove its own officers at pleas-
ure.

The appellant cites and relies upon section 13 of
the Code, which is as follows: "The speaker of the
house of representatives shall hold his office until the
first day of the meeting of a regular session next after

that at which he was elected. All other officers elected by either house shall hold their offices only during the session at which they were elected." The appellant contends that by this section the term of office of the secretary of the senate is fixed by law to continue during the session at which he was elected, and therefore that he can not be removed without cause, notice and hearing. It will be observed that the language employed as to these "other officers" is different from that with respect to the speaker, and different from that usually employed in fixing the term of an office. This statute says the speaker "shall hold his office until the first day of the meeting of the regular session next after that of which he was elected," while as to the other officers it is said they "shall hold their offices only during the session at which they were elected." The one fixes a time to which the office shall be held, and that time is the term or tenure of that office; the other does not fix a time to which the office shall be held, but a time beyond which it shall not be held. The employment of this unusual language in this connection is quite significant in arriving at the legislative intention. The word "only" seems to have been purposely used by the two houses in enacting this section in harmony with the constitutional provision that each house shall choose its own officers. Neither house has power to control the other in choosing its officers, nor in fixing their tenure of office, nor has any general assembly power to control the right of either house of any subsequent general assembly in this respect. To say that this section 13 fixes the term of the secretary of the senate to continue during the session is to abridge, by statute, the constitutional powers of the senate to choose its own officers in such manner, and for such time, as it pleases. To say, however, that this statute does not fix a term during which the secretary shall hold his office leaves it in harmony with

the powers conferred on the senate by the constitution. Whether either house might extend the term of officers, other than the speaker, beyond the session at which they were elected, so as to cover any succeeding session of the same general assembly, we do not determine, as that question is not before us. Our conclusions are that no term is fixed by law during which the secretary of the senate shall hold his office, that the power to appoint is exclusively in each senate, that the office is held during the pleasure of the senate appointing, and therefore the senate has power to remove without notice or hearing. AFFIRMED.